UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. H-11-267 |
| | § | |
| AETNA HEALTH INC., | § § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Memorial Hermann Hospital System's ("Memorial Hermann") Motion to Remand (Doc. 8), as well as Defendant Aetna Health Inc.'s ("Aetna") response (Doc. 14). Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's motion to remand should be DENIED.

I. Background and Relevant Facts

This is an insurance case. Memorial Hermann is part of Aetna's network of "Participating Providers" who provide medical services to individuals covered by Aetna's health plans. (Doc. 1-1 ¶ 12.) On February 1, 2004, the parties entered into a Hospital Services Agreement (the "Agreement"). (Doc. 17, Ex. 1). The Agreement established a process by which Aetna would verify member eligibility, Memorial Hermann would submit covered claims, and Aetna would pay for covered services pursuant to an agreed compensation schedule. (Doc. 17, Ex. 1 ¶ 4.1.2.) Memorial Hermann alleges that Aetna failed to pay many submitted claims. (Doc. 1-1 ¶ 15(d).)

On August 12, 2010, Memorial Hermann filed suit against Aetna in the 129th Judicial

District Court of Harris County, Texas, for breach of contract, misrepresentation, and violations of the Texas Insurance Code.  (Doc. 1-1.)  On December 20, 2011, Memorial Hermann responded to Aetna's interrogatories, providing spreadsheets identifying specific medical claims Aetna denied in whole or in part, based on coverage determinations under various health plans governed by the Employee Retirement Income Security Act of 1974, as amended, 20 U.S.C. § 1001 *et. seq.* ("ERISA").  (Doc. 14 at 6.)  On January 19, 2011, more than six months after suit was filed, Aetna removed the case to this Court, asserting that Memorial Hermann's state law claims are preempted by ERISA.  (Doc. 1.)  Memorial Hermann now moves for remand.  (Doc. 8.)

II.  Standard of Review

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).

A defendant may remove a case from state court if the plaintiff could have originally initiated the suit in federal court.  *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing 28 U.S.C. § 1441(b).)  When a plaintiff moves to remand for lack of jurisdiction, the removing defendant bears the burden of demonstrating that removal was proper and that federal subject matter jurisdiction exists. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).  If there is any doubt as to the propriety of the removal, the motion should be resolved in favor of

remand.  *Walters v. Grow Grp., Inc.*, 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

Existence of federal question jurisdiction is based on allegations presented in the plaintiff's "well-pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Id.*; *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  To satisfy the well-pleaded complaint rule, the face of the complaint must include "some substantial disputed question of federal law."  *Carpenter*, 44 F.3d at 366; *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

There are exceptions to the well-pleaded complaint rule.  "When a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed.  *Beneficial Nat. v. Anderson*, 539 U.S. 1, 8 (2003).  This is because such allegations are based on federal law even when pleaded in terms of state law.  *Id*.  ERISA, for example, preempts "any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy."  *Lone Star Ob/Gyn Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

III.  Discussion

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans."  *Davila*, 542 U.S. at 208.  Thus, ERISA preempts the party's state law claims designed to (1) recover benefits due under the terms of the plan; (2) enforce the plaintiff's rights under the terms of the plan; or (3) clarify its rights to future benefits under the terms of the plan.  29 U.S.C. § 1132(a)(1)(B).  However, a claim that implicates the rate of payment set out in a provider agreement, rather than the right to payment under the terms of a benefit plan is not preempted by ERISA.  *See Lone Star*, 579 F.3d at 530.

Aetna argues that while Memorial Hermann's original petition was not removable, it was Memorial Hermann's discovery responses, of December 20, 2011, that first established removability, thereby triggering the thirty-day period pursuant to 28 U.S.C. § 1446(b). Memorial Hermann responds that neither its original petition nor its later discovery response invoked ERISA coverage determinations, and therefore Aetna's removal was improper and untimely. (Doc. 8 ¶ 2.)

Memorial Hermann is part of a network of "Participating Providers" providing medical services to Aetna's members under the Agreement. (Doc. 1-1.) Memorial Hermann's original petition was couched as a state insurance law based breach of contract suit alleging Aetna's impropey dispute and denial of or underpayment for covered services to members of a number of Aetna's Full Risk/Insured Plans due to the "[i]mproper classification of hospital services provided as being medically necessary." (Doc. 1-1 ¶ 19(b).) Third party medical providers may bring a claim under § 1132(a), if the provider is "suing as an *assignee* of a beneficiary's rights to *benefits* under an ERISA plan." *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999) (emphasis in original) (quoting *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995)). Memorial Hermann claims that it is not bringing the suit as an assignee of the beneficiary's rights, although it does not dispute that the patients' benefits were assigned to it under the terms of the Agreement.

IV.   Conclusion

Some if not the majority of Memorial Hermann's claims, ascertainable since the production of the spreadsheet in discovery in the case, are based on Aetna's refusal to pay medical claims based on lack of coverage under certain ERISA plans, including but not limited to claims denied because they were not medically necessary or they were based on a pre-existing

condition.  Thus the issue for at least some of the claims at issue is not the rate of payment as set out in the Agreement, but the right of payment, in other words what is "medically necessary" or a "covered service."  When the question is the right of payment, as opposed to the rate of payment, ERISA complete preemption is triggered and Memorial Hermann's motion for remand must fail.  *Lone Star*, 579 F.3d at 530-531; *Montefiore Medical Center v. Teamsters Local* 272 642 F.3d 321 (2nd Cir. 2011)

Accordingly, the Court hereby **ORDERS** that Memorial Hermann Hospital System's Motion to Remand (Doc. 8) is **DENIED.**

SIGNED at Houston, Texas, this 23rd day of August, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE